E-FILED
Monday, 24 June, 2019 10:40:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS J. MACKINTOSH, | ) |
| Plaintiff, | ) |
| v. | ) 19-4095 |
| ARAMARK, INC., *et al.* | ) |
| Defendants. | ) |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation

1

omitted). The court has reviewed the amended complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff alleges in his complaint and stated at the hearing that on two separate occasions he was served meals containing oranges, a food to which he is allergic. Plaintiff also alleges that Aramark, the food vendor at the TDF, serves residents "low grade turkey" that is routinely undercooked. Plaintiff alleges he has previously become ill after eating turkey.

Plaintiff is entitled to a nutritionally adequate diet served under conditions that do not pose a serious risk to his health. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted). Complaints of cold, poorly prepared, or even food that occasionally contains foreign objects do not rise to the level of constitutional deprivation. *See Drake v. Velasco*, 207 F.Supp.2d 809, 812 (N.D. Ill. 2002) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)).

The fact that Plaintiff was served oranges or otherwise became ill on a handful of occasions suggests only that the TDF officials or other residents responsible for preparing the food and food trays were occasionally negligent, which is not sufficient to impose constitutional liability. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015). Further, Plaintiff does not allege that the deprivation was the result of an Aramark policy, and, therefore, he does not state a claim under *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

**It is therefore ordered:**

1) Plaintiff's Petition to Proceed in forma pauperis [4] is denied.

2) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 24TH day of June, 2019.

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE